UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERGIO CRUZ,              )<br>    Petitioner,         )<br>                           )<br>v.                         )<br>                           )<br>UNITED STATES OF AMERICA,  )<br>    Respondent.          ) | CIVIL NO. 05-10610-NG |

GERTNER, D.J.:

### ORDER OF DISMISSAL
May 9, 2005

Pro se petitioner Sergio Cruz urges this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [docket entry # 1]. Cruz was sentenced by this Court to sixty months of imprisonment and four months of supervised release on June 25, 2004, after pleading guilty to a one-count indictment charging him with conspiracy to distribute and possession with intent to distribute heroin, cocaine, and MDMA. See United States v. Campos Acosta, Crim. No. 02-10335-NG [docket entry # 157]. Cruz contends that he was denied effective assistance of counsel through his attorney's failure to pursue application of the so-called Safety Valve, see 18 U.S.C. § 3553(f)(1)-(5), at sentencing.

The government opposes Cruz's petition in a thorough memorandum [docket entry # 4] that I hereby endorse in its entirety and summarize below for ease of reference. The government asserts that the Safety Valve proffer that Cruz would have been required to provide under U.S.S.G. § 5C1.2(a)(5) could

well have made him vulnerable to a <u>higher</u> sentence.  The government had information from two sources that Cruz was involved in distribution of a significant amount of heroin not charged in the indictment -- allegations that would have come into play had the government contested Cruz's proffer.  And relevant conduct disclosed by a defendant during a Safety Valve proffer may be considered in sentencing.  <u>See, e.g.</u>, <u>United States v. Cruz</u>, 156 F.3d 366 (2d Cir. 1998).

As a result, the government argues that Cruz cannot meet his burden of proving that his counsel was ineffective.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 684-85 (1984) (to prevail on an ineffective assistance claim, petitioner must show that (1) counsel's performance was objectively unreasonable and (2) but for counsel's errors, petitioner would have received a lower sentence).  As noted above, the decision to decline pursuit of the Safety Valve was not unreasonable.  <u>See</u> <u>Harris v. United States</u>, 366 F.3d 593, 596 n.3 (7th Cir. 2004) (noting that defense counsel decided not to pursue the Safety Valve because, among other reasons, "arguing for application of the safety valve might detrimentally expand the record" concerning defendant's relevant conduct).  Indeed, petitioner's counsel contacted the government prior to sentencing to discuss the possibility of a Safety Valve proffer and only decided not to pursue it after the government disclosed the existence of the two sources discussed

above.  In this light, counsel's decision not to pursue the Safety Valve can only be termed strategic.

Accordingly, I hereby **DENY** Cruz's petition.  This action is hereby **DISMISSED**.

**SO ORDERED.**

**Dated:    May 6, 2005**                         **/s/ NANCY GERTNER, U.S.D.J.**